IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | Case No. 24-20222-RDB |
| ELITE ENDEAVORS, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |

## FIRST RATE TRADING, LLC'S OBJECTION TO MOTION TO EMPLOY WILL B. WOHLFORD AND MORRIS LAING LAW FIRM AS SPECIAL COUNSEL FOR DEBTOR

First Rate Trading, LLC ("FRT"), creditor of Debtor Elite Endeavors, LLC, objects to *Debtor's Motion to Employ Will B. Wohlford and Morris Laing Law Firm as Special Counsel for Debtor* ("Motion") and states as follows:

### INTRODUCTION

Debtor's Motion is yet another attempt to carry out what appears to be a personal grudge against Nathan Broders, the principal of FRT and 1502 East Walnut NB, LLC, and the manager of 1502 East Walnut CB, LLC. Debtor seeks to hire Mr. Wohlford and the Morris Laing Law Firm as special counsel on an hourly basis to pursue frivolous claims of unjust enrichment, tortious interference with expectancy, and declaratory judgment for which Debtor fails to provide any factual basis. Doc. 244 at 2-3. Rather than providing any factual basis for the alleged claims, Debtor asks the Court to presume that the employment is necessary and beneficial to the bankruptcy estate. *See Id*. However, it "is clearly not the function of a court to blindly appoint counsel first, upon request, and then ask questions or cut compensation later…. It is never *presumed* that a request for counsel is justified." *In re Kearney*, 609 B.R. 383, 387 (Bankr. D.N.M. 2019) *quoting In re Rheam of Indiana, Inc.,* 111 B.R. 87 (Bankr. E.D. Pa. 1990)*, aff'd in part, vacated in part,* 133 B.R. 325 (E.D. Pa. 1991).

1

Nevertheless, Debtor provides no specific facts, or any facts for that matter, to show the need for the employment. *See* Doc. 244 at 2-3. Debtor offers no information on the potential value of the claims, the projected cost of the claims, or any specific facts that would allow the Court or other interested parties to evaluate the merits of the claims to justify the employment of attorneys to pursue them, especially on an hourly basis. *See Id.* Instead, Debtor offers only naked, conclusory assertions that the employment is "necessary and beneficial to the Debtor and the bankruptcy estate" and asks the Court to presume the request is justified. *Id.* Absent specific facts showing the need for the employment, FTR is left to speculate what the factual basis underlying these purported claims will be. Based on the factual allegations FTR anticipates Debtor will make based on its conversations with its counsel, Debtor's purported claims are meritless and, thus, will provide no benefit to the bankruptcy estate and only will continue to deplete the estate through the payment of professional fees with no realistic expectation of any return. *See* Doc. 244 at 2-3.

The Motion should be denied for a variety of reasons. *First*, Mr. Wohlford and the Morris Laing Law Firm are not qualified for employment under 11 U.S.C. § 327(e) because neither Mr. Wohlford nor the Morris Laing Law Firm have previously represented Debtor. *Second*, Debtor fails to demonstrate that the employment will assist it in carrying out its duties to the bankruptcy estate. *Third*, even if Mr. Wohlford and the Morris Laing Law Firm qualified for employment under 11 U.S.C. § 327(e) (which they do not), Debtor fails to meet its burden to provide specific facts showing a need for the employment, so the Court cannot determine whether the employment is reasonably necessary for the benefit of the bankruptcy estate. *Fourth*, based on the facts FTR anticipates Debtor will allege in support of its purported claims, the claims are meritless and downright frivolous and, thus, will provide no benefit to the bankruptcy estate. (Based on conversations with Mr. Wohlford, FTR anticipates Debtor alleging that the 1502 Entities tortiously

2

interfered with Debtor's ability to purchase the real estate upon which Debtor operates by purchasing such real estate (subject to Debtor's lease) from a third party, despite not having any right of first refusal or the financial ability to do so, as evinced by the approximately $350,000.00 that Debtor owed to its landlord (*i.e.*, the owner of the real estate) at the time that the 1502 Entities purchased the real estate.) *See* Proof of Claim 13-1 at 4-6. Alternatively, if the Court is inclined to approve the employment, it should be approved solely on a contingent fee basis.

## BACKGROUND

On or about September 16, 2025, the Debtor filed its *Motion to Employ Will B. Wohlford and Morris Laing Law Firm as Special Counsel for Debtor* ("Motion") in which Debtor asks this Court to approve the retention of Will B. Wohlford and the Morris Laing Law Firm ("Firm") as special counsel for Debtor to pursue purported claims for restitution and unjust enrichment, tortious interference with relationship or expectancy, and for declaratory judgment against 1502 East Walnut NB, LLC, 1502 East Walnut CB, LLC (collectively, the "1502 Entities") and Nathan Broders. Doc. 244 at 2-3. Debtor contends that the employment of Mr. Wohlford and the Firm is authorized under 11 U.S.C. § 327(a) and § 327(e). Doc. 244 at 2. In support of the Motion, Debtor offers the Affidavit of Will B. Wohlford ("Affidavit") and the assertion, in just over a page-long Motion, that the employment of the Debtor is "necessary and beneficial to the Debtor and the bankruptcy estate." However, neither the Motion nor the supporting Affidavit contains any specific facts or any facts supporting that assertion. Doc. 244 at 2-3.

The 1502 Entities filed proofs of claim related to the lease of an approximately 50,000 square foot manufacturing facility in Lexington, Nebraska, claiming to be entitled to over $400,000 of past due rent from the Debtor. *See Proofs of Claim* 13 and 14. The 1502 Entities obtained their interest in the lease of the property by purchasing it from the Dawson County Area

Economic Development Council in or about November 2023. *Id*. In or about September 2025, the 1502 Entities sold the property subject to the lease to Livestock Nutrition Center, LLC ("LNC"). Doc. 249 at 1. In connection with the sale, the 1502 Entities assigned their interest in the lease to LNC. Doc. 249 at 1. Debtor appears to take issue with the sale of the property and its new landlord, LNC, which also was Debtor's largest secured creditor. *See* Doc. 249.

Notably, Debtor never scheduled this purported claim and failed to note any such claim at the First Meeting of Creditors. *See* Doc. 41, p. 5, Part 11, 74, 75 (failing to list alleged cause of action); Doc. 47 (Declaration Under Penalty of Perjury for Non-Individual Debtors, signed by Don Dustin Turner).

**ARGUMENT**

**I.     Mr. Wohlford and the Morris Laing Law Firm Do Not Qualify for Employment under 11 U.S.C. § 327(e) as Special Counsel.**

Mr. Wohlford and the Firm are not qualified for employment under 11 U.S.C. § 327(e) because neither Mr. Wohlford nor the Firm have previously represented the Debtor. Therefore, the Motion should be denied.

There are four requirements for the employment of special counsel under 11 U.S.C. § 327(e), which are:

> (1) the proposed special counsel must have represented the debtor previously;
> (2) the proposed special counsel must be employed by the trustee only for a limited, special purpose;
> (3) the proposed representation must be in the best interest of the estate; and
> (4) there must be no conflict with the debtor or the estate arising from the matter(s) for which the trustee seeks to engage special counsel.

*In re Kearney,* 609 B.R. 383, 385-386 (Bankr. D.N.M. 2019)*; In re Johnson,* 433 B.R. 626, 635 (Bankr. S.D. Tex. 2010); *In re Potter*, No. 7-05-14071MA, 2009 WL 2922850 (Bankr. D.N.M. June 12, 2009). The plain text of 11 U.S.C. 327(e) is clear that "an attorney that has represented

4

the debtor" may be employed, but an attorney who has not previously represented Debtor does not qualify for § 327(e) employment. *In re Kearney,* 609 B.R. at 385-386 ("Mr. Sirignano cannot be employed under § 327(e) because she did not represent the debtor pre-petition."); *see In re Champ Car World Series, LLC*, 411 B.R. 619, 624 (Bankr. S.D. Ind. 2008) (clear language of the section requires prior representation of the debtor); *In re J.S. II, LLC*, 371 B.R. 311, 319 (Bankr. N.D. Ill. 2007) (most courts hold that special counsel must have represented the debtor at some point prior to the commencement of the case); *Meespierson, Inc. v. Strategic Telecom, Inc*., 202 B.R. 845, 848-50 (D. Del. 1996) (special counsel application could not be approved because there was no prior representation); *In re Black & White Cab Co. Inc*., 175 B.R. 24, 26 (Bankr. E.D. Ark. 1994) (attorney must have previously represented debtor); *In re French*, 139 B.R. 485, 489 (Bankr. D.S.D. 1992) (counsel with no prior connection to debtor could not be retained under § 327(e)); *In re Ginco Inc*., 105 B.R. 620, 621 (D. Colo. 1988) (§ 327(a) applies, rather than § 327(e), where attorney did not represent the debtor pre-petition).

Here, Debtor and Mr. Wohlford, on behalf of the Firm, admit that neither Mr. Wohlford nor the Firm has represented Debtor previously. Doc. 244 at 2 ("Will B. Wohlford and Morri Laing Law Firm do not have any connection with the Debtor"), Doc 244 at 4 ("neither the undersigned undersigned, nor his law firm, have any connection to the Debtors"). Because Mr. Wohlford and the Firm have not represented Debtor pre-petition, they do not qualify for employment pursuant to § 327(e) as special counsel. For that reason, the Motion to employ Mr. Wohlford and the Firm as special counsel should be denied, as a matter of law.

## II. Mr. Wohlford and the Morris Laing Law Firm Cannot Be Employed Because the Debtor Has Failed to Meet Its Burden to State Specific Facts Showing the Need for the Employment.

Mr. Wohlford and the Firm cannot be retained under 11 U.S.C. § 327(a) because Debtor has

5

failed to meet its burden to demonstrate that the employment of Mr. Wohlford and the Firm will assist Debtor in carrying out its duties, as Debtor has failed to offer any factual basis to show how Mr. Wohlford and the Firm will assist Debtor in carrying out its duties.

The court in *In re Kearney*, concluded that where an attorney fails to qualify for employment under § 327(e), special counsel "can be retained under § 327(a) so long as the attorney represents or assists the trustee in carrying out the trustee's duties under the Code." 609 B.R. at 390; *see also* 11 U.S.C. § 1107(a) (a debtor-in-possession has the same duties as a trustee except for the duties specified in 11 U.S.C. § 1106(a)(2)-(4)). The burden is on the debtor to come forward with facts pertinent to eligibility for employment. *In re Bechuck*, 472 B.R. 371, 375 (Bankr. S.D. Tex. 2012) (internal citations omitted); *see also* Fed. R. Bankr. P. 2014. Debtor has already retained the services of competent counsel to assist Debtor in carrying out the duties of the trustee. *See* Doc. 1 at 5. In the Motion, Debtor seeks only to hire Mr. Wohlford and the Firm for the specified special purpose of pursuing certain purported claims and not to assist Debtor in possession in carrying out the duties of the trustee. *See* Doc. 244 at 3. Accordingly, the Motion should be denied because the Debtor has failed to meet its burden to show a need for the employment of Mr. Wohlford and the Firm to assist Debtor in carrying out its duties. *See* 11 U.S.C. § 327(a); Fed. R. Bankr. P. 2014.

III. **Alternatively, Debtor Fails to Meet its Burden to Provide Specific Facts Showing a Need for the Employment, so the Court Cannot Determine Whether the Employment is Reasonably Necessary for the Benefit of the Bankruptcy Estate.**

Even if Mr. Wohlford and the Firm did demonstrate how the employment would assist the Debtor in carrying out its duties (which it does not), the Motion should still be denied. *First,* the Debtor fails to disclose sufficient information to allow the Court to appropriately exercise its discretion by evaluating the factual basis of the claims, the merits of the claims, the potential benefits resulting from the claims, and the projected costs to bring the claims. *Second*, Debtor's

6

claims are meritless and, thus, will serve only to reduce the value of the estate without providing any benefit to the estate.

It "is clearly not the function of a court to blindly appoint counsel first, upon request, and then ask questions or cut compensation later…. It is never *presumed* that a request for counsel is justified." *In re Kearney*, 609 B.R. at 387 *quoting In re Rheam of Indiana, Inc.,* 111 B.R. 87 (Bankr. E.D. Pa. 1990)*, aff'd in part, vacated in part,* 133 B.R. 325 (E.D. Pa. 1991). The Court has broad discretion regarding the employment of professionals to work on behalf of the estate. *In re Harold & Williams Dev. Co.*, 977 F.2d 906, 909 (4th Cir. 1992). However, the Fourth Circuit made it clear in *In Re Harold & Williams Development Co.* that the exercise of the bankruptcy court's discretion must be guided by the ultimate goals of the bankruptcy system by stating:

> the discretion of the bankruptcy court must be exercised in a way that it believes best serves the objectives of the bankruptcy system. Among the ultimate considerations for the bankruptcy courts in making these decisions must be the ***protection of the interest of the bankruptcy estate and its creditors, and the efficient, expeditious, and economical resolution of the bankruptcy proceeding.***

*Id.* at 910. (emphasis added). "When ruling on an employment application under § 327(a), the Court must decide "whether it is reasonably necessary during the administration of the estate' to employ the proposed professional person." *In re Kearney*, 609 B.R. at 386 *quoting* 3 Collier on Bankruptcy ¶ 327.02[1] (16th ed.) (internal citations omitted). In order for employment of an attorney to be "reasonably necessary," the employment must benefit the bankruptcy estate. *Id.* at 386-387. To determine whether the employment to pursue claims benefits the bankruptcy estate, the Court should evaluate the merits of the claims and their value. *See In re Polaroid Corp*., 424 B.R. 446, 451 (Bankr. D. Minn. 2010) ("The second requirement [under § 327(e)] is that the employment be in the best interests of the estate. It is satisfied where the 'pursuit of the claim is justified by its merits and value…'") *quoting In re West Pointe Properties, L.P.*, 249 B.R. 273,

7

284 (Bankr.E.D.Tenn.2000).

**A.** ***Debtor's Motion Should Be Denied Because it Fails to Provide Specific Facts Required in an Application for Employment That Are Necessary for the Court to Exercise Its Discretion.***

Fed. R. Bankr. P. 2014(a) requires that an application for employment "state specific facts showing:" (1) "the need for the employment;" (2) "the name of the person to be employed," (3) "the reasons of the selection;" (4) "the professional services to be rendered;" (5) "any proposed arrangement for compensation; and" (6) "to the best of the applications knowledge all the persons' connections with" relevant parties. This information enables the court to exercise its discretion by using the specific facts in the application to determine "whether the proposed professional will maximize value for the estate." *In re Bechuck*, 472 B.R. 371, 375 (Bankr. S.D. Tex. 2012). The "court must be able to determine the scope of the proposed employment, the reason why it is necessary, how it may benefit the estate and the projected cost." *In re Computer Learning Centers, Inc.,* 272 B.R. 897 (Bankr. E.D. Va. 2001). The Court may deny an application that lacks sufficient detail pursuant to Fed. R. Bankr. P. 2014 about the employment to conclude the representation serves the goals of the bankruptcy system. *See In re Bechuck*, 472 B.R. at 375-376.

Here, the Motion lacks sufficient detail for the Court to exercise its discretion. The Motion states no specific facts showing the need for the employment and the reasons for selecting Mr. Wohlford over other attorneys. Doc. 244 at 2-3. The Motion contains a conclusory assertion that the employment of special counsel "is necessary and beneficial to the Debtor and bankruptcy estate." *Id* at 2. *See In re Computer Learning Centers, Inc.,* 272 B.R. at 376 (finding an application that states attorneys " 'have previously represented [the Trustee] in numerous chapter 7 and chapter 11 proceedings'" left the court "without a sound basis to grant the Application" because "[w]hile the Application indicates, in a generic sense, that these attorneys have experience with bankruptcy

8

law, without further explanation, this statement is too vague.") (internal citations omitted). Similarly, the Motion does not contain any information regarding the reasons for selecting Mr. Wohlford and his firm over other attorneys and firms. *See* Doc. 244 at 2-3. Debtor's conclusory assertions in the Motion are not "specific facts showing" a need for the employment or reasons for Mr. Wohlford's selection. Therefore, the Court does not have sufficient detail to exercise its discretion consistent with the goals of the bankruptcy system.

Moreover, the conclusory assertions in the Motion do not provide any information that would allow the court to evaluate the merits of the claims, the potential value of the claim, or the projected costs to bring the claim. Simply stating Mr. Wohlford's hourly rate and the rates of other attorneys and staff at his firm does not provide any indication as to the projected costs of pursuing the claims. Doc. 244 at 2-3. Stating Debtor has claims against certain parties for restitution and unjust enrichment, tortious interference with relationship or expectancy and for declaratory judgment do not provide any information regarding the potential value of the claims or the merits of them. *Id.* Thus, the Court cannot determine whether employing Mr. Wohlford to pursue the purported claims is reasonably necessary or will provide any benefit to the bankruptcy estate. Accordingly, the Motion should be denied.

Alternatively, if the Court were to conclude that Mr. Wohlford qualified for employment under 11 U.S.C. § 327(e), the Motion should be denied for the same reasons as discussed above. The Debtor has failed to provide any facts, let alone sufficient facts, showing the need for the employment, and thus, there is no basis to conclude that the employment is in the best interests of the bankruptcy estate.

9

**B.**    *The Motion Should be Denied Because the Proposed Claims Are Meritless.*

Although the Debtor has failed to provide any specific facts showing the need for Mr. Wohlford's employment or the factual basis for the Debtor's claims, based on the limited information available to FTR and what it anticipates Debtor's factual basis will be, the purported claims lack merit and are frivolous. The Debtor lacks a factual basis to state a claim for (1) unjust enrichment, (2) tortious interference with relationship or expectancy, and (3) declaratory judgment. Because the Debtor's proposed claims lack merit, the employment of Mr. Wohlford and his firm to pursue them will not benefit the estate. Accordingly, the Motion should be denied.

FTR anticipates that Debtor will claim the following facts support its purported claims for unjust enrichment and tortious interference with relationship or expectancy:

On or about January 22, 2016 Elite Endeavors, LLC and the Dawson County Area Economic Development Council ("Development Council") entered into that certain Commercial Real Estate Lease Agreement ("Lease") in which Elite Endeavors, LLC agreed to lease an approximately 50,000 square foot manufacturing facility located at 1502 East Walnut, Lexington, Nebraska (the "Premises"). *Proof of Claim* 13-1, Ex A at 5-8. On or about November 3, 2023, 1502 Entities, through its principal Nathan Broders, purchased the Premises from the Development Council. *Proof of Claim* 13-1, Ex B, at 9-10. In connection with the sale, the Development Council assigned its interest in the Lease to the 1502 Entities, who continued to abide by the terms of the lease after the assignment. *Id.* On or about September 5, 2025, the 1502 Entities sold the Premises to LNC. Doc. 249 at 1. In connection with the sale of the Premises, the 1502 Entities assigned their interest in Lease to LNC, which continues to abide by the terms of the lease. Doc. 249 at 1.

10

FTR anticipates that Debtor will claim that it would have purchased the Premises from the Development Council if the 1502 Entities had not purchased the Premises. Then, Debtor would have sold the Premises to LNC and realized a profit on that sale, and thus Debtor has claims for (1) unjust enrichment, (2) tortious interference with relationship or expectancy, and (3) declaratory judgment. However, Debtor did not have a right of first refusal under its Lease with the Development Council and, thus, no greater right to purchase the Premises than the 1502 Entities. Further, Debtor clearly never had the ability to purchase the Premises, as evinced by the approximately $350,000.00 that Debtor owed to its landlord at the time the 1502 Entities purchased the Premises. *See* Proof of Claim 13-1 at 4-6.

> *1.*      *Based on Debtor's anticipated factual basis, Debtor's claim for unjust enrichment is meritless, thus, the Motion should be denied.*

To state a claim for unjust enrichment under Kansas law, a plaintiff must show "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge of the benefit by the defendant; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 259 Kan. 166, 177, 910 P.2d 839, 847 (1996)(internal citations and quotations omitted). Under Nebraska law "unjust enrichment occurs when there has been a transfer of a benefit without adequate legal ground" and "restitution is not available for an unrequested benefit voluntarily conferred." *Kalkowski v. Nebraska Nat'l Trails Museum Found., Inc.*, 290 Neb. 798, 806, 862 N.W.2d 294, 302 (2015).

The first element cannot be satisfied based on the facts FTR anticipates Debtor will allege, as there was no benefit conferred by Debtor upon the 1502 Entities. First, the 1502 Entities purchased the Premises from the Development Council, not from Debtor. In other words, the 1502

11

Entities paid for the benefit that they received, only receiving ownership of the Premises after payment to the Development Council. Moreover, Debtor's failure to purchase the Premises does not constitute a benefit it conferred on the 1502 Entities, otherwise anytime a party won a contract or completed a deal that its competitors did not, a claim for unjust enrichment would exist. *See Sec. Ben. Life Ins. Corp. v. Fleming Companies, Inc.,* 21 Kan. App. 2d 833, 842, 908 P.2d 1315, 1322 (1995) ("[e]quitable relief is not available to one who because of his own acts or failure to act has suffered a loss.") (internal quotations and citations omitted); *Schreiber Bros. Hog Co., LLC v. Schreiber*, 312 Neb. 707, 723-724, 980 N.W.2d 890, 904 (2022)(unjust enrichment "does not exist to rescue a party from the consequences of a bad bargain").  Importantly, Debtor had the same ability to purchase the Premises from the Development Council as did the 1502 Entities. However, not surprisingly, Debtor failed to do so, presumably because it did not have the financial wherewithal to do so, as evinced by the hundreds of thousands of dollars Debtor owed to the Development Council in rent at the time. *See* Proof of Claim 13-1 at 4-6.

Even if the Debtor's failure to act to purchase the Premises from the Development Council somehow did constitute a benefit to the 1502 Entities, the Debtor likely cannot show that the 1502 Entities had knowledge of the purported benefit. *Haz-Mat Response, Inc.* 259 Kan. at 178, 910 P.2d at 847 (an essential prerequisite to liability under an unjust enrichment theory is the "acceptance by the [defendant] (the one sought to be charged) of benefits rendered under such circumstances as reasonably notify the [defendant] that the one performing such services expected to be compensate therefore by the [defendant]."); *Kalkowski* 290 Neb. at 807, 862 N.W.2d at 302 (finding there was no unjust enrichment were the plaintiff "had no reasonable grounds to expect compensation from [the Defendant]."). In November of 2023 at the time of the sale of the Premises,

12

there was approximately $350,000.00 in outstanding lease payments owed to the Development Council. *See* Proof of Claim 13-1 at 4-6. Under those circumstances, it would not be reasonable for the 1502 Entities to conclude that Debtor was conferring a benefit on them for which Debtor expected to be paid. Therefore, Debtor will not be able to successfully bring a claim for unjust enrichment against the 1502 Entities or its principal Nathan Broders individually for unjust enrichment. Debtor's purported claim for unjust enrichment against the 1502 Entities and Nathan Broders lacks merit.

> 2. *Based on Debtor's anticipated factual basis, Debtor's claim for tortious interference with relationship or expectancy lacks merit; thus, the Motion should be denied.*

To state a claim for tortious interference with relationship or expectancy, the Plaintiff must show:

> (1) the existence of a business relationship or expectancy with the probability of future economic benefit to the plaintiff; (2) knowledge of the relationship or expectancy by the defendant; (3) that, except for the conduct of the defendant, plaintiff was reasonably certain to have continued the relationship or realized the expectancy; (4) intentional misconduct by defendant; and (5) damages suffered by plaintiff as a direct or proximately cause of the defendant's misconduct.

*Meyer Land & Cattle Co. v. Lincoln Cnty. Conservation Dist*., 29 Kan. App. 2d 746, 751, 31 P.3d 970, 975 (2001) (internal citations omitted); *see also Thompson v. Johnson*, 299 Neb. 819, 910 N.W.2d 800 (2018) (the elements of a claim for tortious interference with a business relationship or expectancy are substantially the same under Nebraska law). The Debtor cannot successfully claim it is entitled to the funds from the sale of the Premises by the 1502 Entities to LNC because it cannot show, at a minimum, that except for the conduct of the 1502 Entities, Debtor was reasonably certain to have realized the value from the sale of the Premises because, among other things, Debtor cannot demonstrate that it could have made the initial purchase of the Premises that

13

was required to realize the value from its subsequent sale, as Debtor could not even make its lease payments as they came due under the existing lease of the Premises. *See Proof of Claim* 13-1 at 4. Therefore, at a minimum, Debtor will not be able to show it was reasonably certain to have realized the expectancy from the subsequent sale of the Premises.

Although it is also unlikely that the Debtor will be able to show any of the other elements of claim for tortious interference with relationship or expectancy, at a minimum Debtor cannot show it was reasonably certain to have realized value from the subsequent sale of property it did not have the ability to purchase. Therefore, Debtor's purported claim for tortious interference with relationship or expectancy is meritless.

> 3.    *Based on Debtor's anticipated factual basis, Debtor's claim for declaratory judgment is meritless; thus, the Motion should be denied.*

In both Kansas and Nebraska, actions seeking a declaration of the rights status and legal relations of the parties may be brought.  Neb. Rev. Stat. § 25-21,149; Kan. Stat. Ann. § 60-1701. FTR anticipates that Debtor will seek a declaratory judgment that the assignment of the lease was invalid and, thus, entitles Debtor to reject the lease. *See* Doc. 249. The lease contains a Nebraska choice of law provision. *Proof of Claim* 13-1, Ex A, at 7. Under Nebraska law, where a lease is silent on assignment, the lease may be assigned without consent. *See Todd v. Bd. of Educ. Lands & Funds of Neb.,* 154 Neb. 606, 610, 48 N.W.2d 706, 710 (1951) (internal citations omitted). The assignment of the lease from the 1502 Entities to LNC was a valid exercise of the 1502 Entities rights under Nebraska law. In addition, the Lease does not grant the right to reject the Lease in the event of its assignment. *See Proof of Claim* 13-1, Ex A, at 5-8. Therefore, there cannot be a basis to allow Debtor to reject the Lease. Accordingly, Debtor's proposed declaratory judgment action is meritless.

14

Alternatively, if the Court were to conclude that Mr. Wohlford qualified for employment under 11 U.S.C. § 327(e), the Motion should be denied for the same reasons as discussed above. The purported claims lack merit, and thus, the Debtor cannot show that the employment of Mr. Wohlford and the Firm to pursue them is in the best interests of the bankruptcy estate.

**IV.** **Alternatively, Employment of Mr. Wohlford and the Firm Should Only be Approved on a Contingent Fee Basis Because the Estate Cannot Afford to Pay an Hourly Rate Unless the Claims Result in a Recovery.**

Alternatively, the court should only approve the hiring of counsel that has previously represented Debtor on a contingent fee basis. In *In re Potter*, the court approved the employment of special counsel but altered the proposed terms of employment because the "contemplated fees are too much of a burden on the estate." No. 7-05-14071MA, 2009 WL 2922850 (Bankr. D.N.M. June 12, 2009). Here, the contemplated fees of $375/hour and other staff ranging from $250 to $400 per hour are too much of a burden on the estate, especially when no reasonable expectation of any recovery exists. In Debtor's recent *Motion to Dismiss Chapter 11 Proceeding*, it just stated that "the estate is administratively insolvent" and that "[t]here are no assets available from which creditors such as post-petition administrative claims could be paid, and there are no funds from which pre-petition unsecured priority and non-priority creditors could be paid." Doc. 229 at 3. Thus, even if the claims did have merit, which they do not, the estate cannot afford to pay attorney fees in the amount of $375 per hour or for staff ranging from $250 to $400. If the claims truly have merit, then Mr. Wohlford or other competent counsel surely would be willing to be retained on a contingent fee basis that would provide no burden on the estate should the claims prove not to have any merit.

15

## CONCLUSION

In its Motion, Debtor asks the Court to presume that the employment of Mr. Wohlford and the Firm is justified. *See* Doc. 244 at 2-3. However, Debtor offers no information on the potential value of the claims, the projected cost of the claims, or any specific facts that would allow the Court or other interested parties to evaluate the merits of the claims to justify the employment of attorneys to pursue them. *See Id*. Instead, Debtor offers only naked conclusory assertions that the employment is "necessary and beneficial to the Debtor and the bankruptcy estate." *Id.* Absent specific facts showing the need for employment, FTR is left to speculate what the factual basis underlying these purported claims will be. Based on the factual allegations FTR anticipates Debtor will make, its purported claims are meritless and, thus, will provide no benefit to the bankruptcy estate.

The Motion should be denied. *First*, Mr. Wohlford and the Morris Laing Law Firm are not qualified for employment under 11 U.S.C. § 327(e) because neither Mr. Wohlford nor the Morris Laing Law Firm have previously represented Debtor. *Second*, Debtor fails to demonstrate that the Employment will assist it in carrying out its duties to the bankruptcy estate. *Third*, even if Mr. Wohlford and the Morris Laing Law Firm qualified for employment under 11 U.S.C. § 327(e) (which they do not), Debtor fails to meet its burden to provide specific facts showing a need for the employment that are necessary to determine whether the employment is reasonably necessary for the benefit of the bankruptcy estate. *Fourth*, based on the facts FTR anticipates Debtor will allege in support of its purported claims, they are meritless and, thus, will provide no benefit to the bankruptcy estate. Alternatively, if the Court is inclined to approve the employment, it should be approved solely on a contingent fee basis.

16

DATED this 7th day of October 2025.

FIRST RATE TRADING, LLC,


By: */s/ Nicholas Zluticky*
Nicholas Zluticky
STINSON LLP
1201 Walnut St., Suite 2900
Kansas City, MO  64106
(816) 691-3278
Nicholas.Zluticky@stinson.com

and

Brian J. Koenig, NE#23807
(admitted pro hac vice)
KOLEY JESSEN P.C., L.L.O.
1125 South 103rd Street, Suite 800
Omaha, NE 68124
(402) 390-9500
(402) 390-9005 (fax)
Brian.Koenig@koleyjessen.com

*Attorneys for First Rate Trading, LLC*

17

## CERTIFICATE OF SERVICE

On this 7th day of October 2025, I served notice of the above and foregoing Motion for Relief by electronically filing with the Clerk of the Bankruptcy Court, using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

*/s/ Nicholas J. Zluticky*
Counsel for First Rate Trading LLC

18