# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re: Elite Endeavors, LLC

Debtor.

Case No. 24-20222-11

---

## United States Trustee's Objection to Debtor's Amended Application to Employ Morris Laing Law Firm

---

Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a), the United States Trustee objects to the debtor's amended application to employ the Morris Laing Law Firm[1] due to the firm's inadequate disclosures.

## Background

On March 6, 2024, Elite Endeavors, LLC, filed a voluntary petition for relief under Chapter 11. On April 1, 2024, the Court entered an Order Authorizing the Employment of Krigel & Krigel, P.C. as Attorneys for Debtor.[2] On September 16, 2025, Elite filed an Application to Employ the Morris Laing Law Firm as Special Counsel.[3] At a December 18 hearing on the employment application, counsel for

---

[1] Doc. #266.
[2] Doc. #58.
[3] Doc. #243.

1

Elite indicated that it would file an amended employment application for Morris Laing.[4]

On January 7, 2026, Elite filed an amended Application to Employ the Morris Laing Law Firm.[5] The amended employment application disclosed for the first time the payment of a $25,000 retainer to Morris Laing by Elite's managing member.[6] The amended employment application also disclosed for the first time the existence of an agreement between Elite's managing member and Morris Laing whereby the managing member agreed to finance Morris Laing's fees and expenses.[7] Morris Laing provides no detail concerning its relationship with or connections to Elite's managing member in the affidavit filed in support of the amended employment application.

## Argument

Rule 2014(a) requires a disclosure of connections between a professional the debtor seeks to employ and creditors and other parties in interest. The duty of disclosure is sacrosanct because complete and candid disclosure is indispensable to the court's discharge of its duty to

---

[4] Doc. #262.
[5] Doc. #266.
[6] *Id*. at 2.
[7] *Id*.

assure a professional's eligibility for employment—or, in the language of Rule 2014(a), whether the employment is *necessary*. Without exception, it requires complete disclosure of all connections, not merely those rising to the level of a conflict of interest.[8] The professional may not leave the court or other parties in interest to search the record for such relationships or otherwise ferret them out.[9] Nor may the professional disclose only those connections that it subjectively believes are relevant.[10] In determining whether an applicant has complied with the rule, it is the degree of completeness of the disclosure, rather than the applicant's subjective intent or state of mind, that is material.[11] Failure to be meticulous in disclosure justifies a court in taking significant punitive or corrective action, even if there was no prejudice in the end.[12]

---

[8] *In re Keller Fin. Servs. of Florida, Inc.*, 248 B.R. 859, 897 (Bankr. M.D. Fla. 2000); *In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998).

[9] *In re BH&P, Inc.*, 949 F.2d 1300, 1317–18 (3d Cir. 1991). *See also In re Matco Elecs. Group, Inc.*, 383 B.R. 848, 853–54 (Bankr. N.D.N.Y. 2008) (stating that Rule 2014 "is not intended to condone a game of cat and mouse, where the professional seeking appointment provides only enough disclosure to whet the appetite of the UST, the court or other parties in interest, and then the burden shifts to those entities to make inquiry in an effort to expand the disclosure"); *In re Granite Partners, L.P.*, 219 B.R. at 35 (stating that a court should not have to "rummage through files or conduct independent fact finding investigations" to determine whether a professional should be disqualified).

[10] In re Matco Elecs. Group, Inc., 383 B.R. 848 at 853.

[11] *In re Begun*, 162 B.R. 168, 177 (Bankr. N.D. Ill. 1993).

[12] *In re Byington*, 454 B.R. 648, 657 (Bankr. W.D. Va. 2011). *See also* 9 Collier on Bankruptcy ¶ 2014.03 (16th ed. 2020) ("[A] failure to disclose any fact that may

3

And the duty to disclose continues throughout the case, requiring "spontaneous, timely, and complete disclosure."[13]

Morris Laing provides no detail concerning its connections with Elite's managing member including the payment of the retainer or the details of the fee agreement. Morris Laing must disclose these connections in detail. Under Rule 2014(a), it is not up to the United States Trustee to ferret out that information; it is the duty of the debtor and its attorneys to be transparent upfront. Compliance with the rule demands more than leaving it up to the Court or another party to find that information elsewhere. Without this information, the Court cannot "evaluate fully whether the professional is actually disinterested."[14] Accordingly, the application should be denied.

## Conclusion

Given Morris Laing's inadequate disclosures, the court should deny the amended application to employ.

---

influence the court's decision may result in a later determination that disclosure was inadequate and that sanctions should be imposed on the professional.") (citing *In re Leslie Fay Cos.,*, 175 B.R. 525 (Bankr. S.D.N.Y. 1994); *In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228 (Bankr. E.D. Cal. 1988); *In re D.L. Enters.*, 89 B.R. 107 (Bankr. C.D. Cal. 1988)).

[13] *In re The Harris Agency*, 462 B.R. 514, 524 (E.D. Pa. 2011 (citation omitted).

[14] Jensen v. United States Trustee (In re Smitty's Truck Stop, Inc.), 210 B.R. 844, 850 (10th Cir. BAP 1997).

4

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: /s/ John W. Nemecek
John W. Nemecek
Trial Attorney
Admitted in Michigan, P71371
Appearing under 28 U.S.C. § 515(a)
301 N. Main St., Suite 1150
Wichita, KS 67202
202-557-5810 (phone)
john.nemecek@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on January 21, 2026, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: /s/ John W. Nemecek

5